AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ERIC W. TOMPKINS<br><br>Defendant | )<br>)<br>) Case No. 1:19-MJ-159-DJS<br>)<br>)<br>)<br>)<br>) |

*U.S. DISTRICT COURT - N.D. OF N.Y.*
*FILED*
*MAR 18 2019*
*AT____O'CLOCK*
*John M. Domurad, Clerk - Albany*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of March 1, 2017 through March 18, 2019 in the county of Saratoga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2250(a) | Failure to register and update a sex offender registration as required by the Sex Offender Registration and Notification Act |

This criminal complaint is based on these facts:
See Attached Affidavit

☒   Continued on the attached sheet.

_____
*Complainant's signature*
Eric Gregoire, Deputy U.S. Marshal
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   March 18, 2019

_____
*Judge's signature*

City and State:   Albany, New York        Hon. Daniel J. Stewart, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
AND ARREST WARRANT

I, Eric Gregoire, having been duly sworn hereby depose and state:

**Introduction**

    1.    I am a Deputy United States Marshal with the United States Marshals Service, and I have been so employed for over eight years. Prior to joining the United States Marshals Service I was a Special Agent with the United States Secret Service for over eight years. I am currently assigned to the Syracuse, New York Division, and conduct various criminal investigations including violations of the Adam Walsh Child Protection Act of 2006.

    2.    This affidavit is made in support of an application for a criminal complaint and arrest warrant charging ERIC TOMPKINS with a violation of Title 18, United States Code, Section 2250(a): failure to register and update a sex offender registration as required by the Sex Offender Registration and Notification Act.

    3.    The statements contained in this affidavit are based on my participation in the investigation of this matter, and on information I have received from the New York State Division of Criminal Justice Services, and other law enforcement officers with direct knowledge of this investigation. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me about this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that ERIC TOMPKINS ("TOMPKINS") has committed a violation of Title 18, United States Code, Section 2250(a).

4.  On October 12, 2018, the United States Marshals Service, Syracuse Division, initiated an investigation of ERIC TOMPKINS pertaining to a violation of 18 U.S.C. § 2250(a): Failure to Register. 18 U.S.C. § 2250(a) provides, in pertinent part:

> Whoever
> (1) is required to register under the Sex Offender Registration and Notification Act;
> (2) ...
>    (B) travels in interstate or foreign commerce,...; and
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
> shall be fined under this title or imprisoned not more than 10 years, or both.

5.  The Sex Offender Registration and Notification Act's Registry requirements for sex offenders appear in 34 U.S.C. § 20913. 34 U.S.C. § 20913(a) provides:

> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

34 U.S.C. § 20913(c) states:

> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

**Background of Investigation**

6.  On February 9, 2009, TOMPKINS was arrested by the Okanogan County Sheriff's Office in Washington and charged with Child Molestation First Degree, in violation of the Revised Code of Washington ("RCW") § 9A.44.083. A person is guilty of Child Molestation First Degree under § 9A.44.083 when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is less than twelve years old and not

married to the perpetrator and the perpetrator is at least thirty-six months older than the victim. TOMPKINS was accused of engaging in sexual contact with a 10 year-old girl.

7.   On September 3, 2009, TOMPKINS was convicted of violating RCW 9A.44.089, Child Molestation Third Degree and sentenced to a term of twelve (12) months Community Custody.

8.   As a result of his 2009 conviction, TOMPKINS was designated a Level 1 Sex Offender by the State of Washington and was required to register as a sex offender pursuant to Revised Code of Washington (RCW) 9A.44.130, and to keep his registration current.

9.   On July 23, 2009, TOMPKINS entered a plea of guilty before the Superior Court of Washington for Okanogan County. As part of this plea, TOMPKINS signed and dated a "Statement of Defendant on Plea of Guilty to Sex Offense" and "Offender Registration Attachment" which included the advisement that he must register as a sex offender, and his acknowledgement that he fully understood this requirement. The documents, in pertinent part, provide the following information:

   a.   TOMPKINS' signature acknowledging that "My lawyer has explained to me, and we have fully discussed, all of the above paragraphs and the 'Offender Registration' Attachment. I understand them all. I have been given a copy of this 'Statement of Defendant on Plea of Guilty.' I have no further questions to ask the judge," as well as his lawyer's signature confirming "I have read and discussed this statement with the defendant and believe that the defendant is competent and fully understands the statement." The paragraphs in the Statement and Offender Registration Attachment state, in pertinent part:

   1.   "I will be required to register where I reside, study or work. The specific registration requirements are described in the 'Offender Registration' Attachment." (Statement)

   2.   "If I move to another state, or if I work, carry on a vocation, or attend school in another state I must register a new address, fingerprints, and photograph with the new state within 10 days after establishing

3

residence, or after beginning to work, carry on a vocation, or attend school in the new state. I must also send written notice within 10 days of moving to the new state or to a foreign country to the county sheriff with whom I last registered in Washington State." (Offender Registration Attachment)

10. On September 3, 2009, TOMPKINS was sentenced in the Superior Court of Washington for Okanogan County. As part of sentencing, TOMPKINS signed and dated a "Felony Judgement and Sentence" which included another advisement that he must register as a sex offender. The document, in pertinent part, provides the following information:

    a. TOMPKINS' signature, as well as the signature of his defense counsel and the Deputy Prosecutor, and the following notices listed prior to the signatures:

    1. "Because this crime involves a sex offense or kidnapping offense involving a minor as defined by RCW 9A.44.130, you are required to register with the sheriff of the county of the state of Washington where you reside. If you are not a resident of Washington but you are a student in Washington or you are employed in Washington or you carry on a vocation in Washington, you must register with the sheriff of the county of your school, place of employment, or vocation. You must register immediately upon being sentenced unless you are in custody, in which case you must register within 24 hours of your release."

    2. "If you move to another state, or if you work, carry on a vocation, or attend school in another state you must register a new address, fingerprints, and photograph with the new state within 10 days after establishing residence, or after beginning to work, carry on a vocation, or attend school in the new state. You must also send written notice within 10 days of moving to the new state or to a foreign country to the county sheriff with whom you last registered in Washington State."

11. On October 20, 2009 TOMPKINS was released from custody and on November 9, 2009 registered as a sex offender with the Grant County (WA) Sheriff's Office. From November 2009 through October 2011 TOMPKINS was compliant with registration requirements and

submitted change of address registration updates to the Grant County Sheriff on five separate occasions.

12.     On October 27, 2014, the Grant County Sheriff's Office became aware that TOMPKINS had failed to verify his address, or complete change of address notifications since his last registration update in 2011. The Grant County Sheriff's Office located TOMPKINS and provided a copy of the "Sex and Kidnapping Offender Notification of Registration and Requirements (Revised 7/22/2011)" RCW 9A.44.130. A Grant County Sheriff's Deputy reviewed the registration requirements with TOMPKINS and the document was signed by both the Grant County Deputy and TOMPKINS. The document, in pertinent part, provides the following information:

   a.  TOMPKINS' signature acknowledging that he has "or have had read to me and received a copy of the REGISTRATION NOTIFICATION thereby informing me of the registration requirements. I hereby agree to comply with them. Those registration requirements include, in pertinent part, the following obligations:

   1.  "Offenders required to register in Washington, who move to another state, or who work, carry on a vocation, or attend school in another state shall register a new address, fingerprints, and photograph with the new state within three business days after establishing residence, or after beginning to work, carry on a vocation, or attend school in the new state. The person must also send written notice within three business days of moving to the new state or to a foreign country to the county sheriff with whom the person last registered in Washington state."

13.     On August 11, 2016, the Grant County Sheriff's Office attempted to locate TOMPKINS at his registered address 726 Eastlake Ave (aka Main Ave), Soap Lake, Washington to conduct an annual address verification. The Grant County Sheriff's Office discovered that TOMPKINS was no longer residing at his registered address and had not completed a change of address notification as required. Between August 2016 and February 2017 the Grant County

Sheriff's Office was unable locate TOMPKINS and an arrest warrant for TOMPKINS was issued by the Grant County Superior Court for violation of RCW 9A.44.132 Fail to Register as Sex Offender.

14.   On February 27, 2017 TOMPKINS obtained employment at the Hoffman Car Wash, 5 Lowes Drive, Saratoga Springs, New York. According to Hoffman employee records, TOMPKINS was employed at the Hoffman Car Wash from February 27, 2017 through July 11, 2017. According to Hoffman employee records TOMPKINS listed his home address as 62 Esopus Drive, Clifton Park, New York.

15.   On January 24, 2018 TOMPKINS obtained employment at Taco Bell, 811 Route 146, Clifton Park, New York. According to Taco Bell employee records, TOMPKINS was employed at this location from January 24, 2018 through August 14, 2018. According to Taco Bell employee records TOMPKINS listed his home address as 62 Esopus Drive, Clifton Park, New York.

16.   On October 19, 2018, a due diligence search was performed by your affiant with the New York State Division of Criminal Justice Services (NYDCJS) and determined TOMPKINS was not registered as a sex offender in New York State. Your affiant has continued to conduct a search of NYDCJS records regularly since October 19, 2018, including March 13, 2019, and has determined that TOMPKINS has not registered as a sex offender in New York State.

17.   On March 13, 2019, a due diligence search was performed by your affiant with the Grant County Sheriff's Office Sex Offender Registry. Records showed TOMPKINS had not completed a change of address with the Grant County Sheriff's Office and was still listed in their

records as a non-compliant sex offender with a last known address of "700 block of E. Main Ave, Soap Lake, Washington".

18.   Based on the information obtained during this investigation to date, it appears that at no time after traveling from Washington to New York in 2016-2017 did TOMPKINS register as a sex offender with New York or update his address with Washington authorities, as required by law.

**Conclusion**

19.   Based on the foregoing facts there is probable cause to believe that ERIC TOMPKINS is a person required to register under the Sex Offender Registration and Notification Act, that he is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act, that he has traveled in interstate commerce, and that he has knowingly failed to register or update his sex offender registration as required by the Sex Offender Registration and Notification Act, in violation of 18 U.S.C. §2250(a).

Eric Gregoire
Deputy U.S. Marshal

Subscribed and sworn to before me
This 18th day of March, 2019

Hon. Daniel J. Stewart
United States Magistrate Judge

7